1

2

3

4

5

6

7

8

9

10

11            **IN THE UNITED STATES DISTRICT COURT**

12            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14   AMANDA FLORES,                              CASE NO. CV F 07-1183 LJO DLB

15                 Plaintiff,            _____**ORDER ON DEFENDANT'S MOTION TO**
                                               **DISMISS**
16         vs.

17   AMCO INSURANCE COMPANY,

18                 Defendant.
     _____/
19

20                          **INTRODUCTION**

21         Defendant AMCO Insurance Company ("AMCO") seeks to dismiss plaintiff Amanda Flores'

22   ("Ms. Flores'") insurance coverage claims on grounds that the Ms. Flores' AMCO homeowners policy

23   excludes coverage for a minor's claims against Ms. Flores arising from the minor's alleged sexual

24   assault and rape after the minor became intoxicated at a party at Ms. Flores' home.  Ms. Flores responds

25   that the applicable sexual molestation exclusion is ambiguous and should be interpreted in favor of

26   AMCO providing her a defense to the minor's claims.  This Court considered AMCO's F.R.Civ.P.

27   12(b)(6) motion to dismiss on the record and VACATES the November 20, 2007 hearing, pursuant to

28   Local Rule 78-230(h).  For the reasons discussed below, this Court DISMISSES Ms. Flores' claims.

                                          1

**BACKGROUND**

**Underlying Action**

Ashton Crosswell ("Ms. Crosswell") pursues an underlying Kings County Superior Court action ("Crosswell action") against Ms. Flores and Ms. Flores husband, Daniel Flores, Sr. ("Mr. Flores").  In her operative complaint ("Crosswell complaint") in the Crosswell action, Ms. Crosswell alleges, in sum that on June 19, 2004, at age 15, she attended a birthday party for Mr. and Ms. Flores' daughter at their residence where she became intoxicated and was subjected to "unlawful, unwanted, nonconsensual, and damaging sexual encounters" with Mr. Flores, Daniel Flores, Jr. ("Daniel Jr."), Mr. and Ms. Flores' son, "other DOE Defendants" or "other intoxicated persons." The Crosswell complaint names as defendants Mr. and Ms. Flores and two other adults[1] and alleges negligence causes of action against Mr. and Ms. Flores and sexual assault and battery and rape causes of action against Mr. Flores.

***Negligence Claims***

The Crosswell complaint's (first) negligence cause of action alleges that the Adult Defendants provided Ms. Crosswell and other minors with alcohol or failed to supervise or failed to supervise them to permit the minors' alcohol consumption.  The negligence cause of action alleges that:

1. During the evening of June 19, 2004 and into the early hours of June 20, 2004, Ms. Crosswell became visibly intoxicated and that the Adult Defendants failed to stop or prohibit Ms. Crosswell's alcohol consumption.

2. Ms. Crosswell's intoxication "was the direct and proximate cause of Plaintiff's uncharacteristic sexually promiscuous and/or provocative behavior" and that the Adult Defendants "were aware of and observed Plaintiff's intoxication and sexually provocative behavior with persons on the Premises, yet took no action to prevent or otherwise stop the same."

3. The Adult Defendants "knew of and could foresee the sexually violent and/or sexually assaultive propensities of Defendant DANIEL FLORES, SR., and minor Daniel Flores,

---

[1] The Crosswell complaint refers to Mr. and Ms. Flores and the other two defendants as the "Adult Defendants."  In reference to the Crosswell complaint, this Court will refer to the four adult defendants collectively in the Crosswell action as the "Adult Defendants."

1    Jr., when intoxicated and further knew of and could foresee the sexually assaultive
2    propensities of other intoxicated persons."

3    4.    Based on Ms. Crosswell and others' alcohol consumption and Ms. Crosswell's resulting
4    intoxication and sexually provocative behavior, defendants could have reasonably
5    foreseen that Ms. Crosswell "could be harmed, injured, or might be taken advantage of
6    sexually by someone on the premises, including Defendant, FLORES, other Adult
7    Defendants, Flores, Jr., or other intoxicated persons."

8    5.    "[N]egligence by Defendants . . . resulted in unlawful, unwanted, nonconsensual, and
9    damaging encounters between Plaintiff and Defendant, DANIEL FLORES, SR., Daniel
10   Flores, Jr., and other DOE defendants."

11   The Crosswell complaint's (second) negligence per se, violation of Penal Code section 272 cause
12   of action alleges that the Adult Defendants contributed "to the delinquency of a minor by allowing,
13   authorizing, and providing alcohol to Plaintiff, a minor, and other minors" to violate California Penal
14   Code section 272.  The second cause of action further alleges that "Defendants and each of them were
15   negligent and careless in their ownership, occupancy, activities, control and supervision of Plaintiff and
16   others" and "said negligence by Defendants and each of them, resulted in unlawful, unwanted,
17   nonconsensual, and damaging sexual encounters between Plaintiff and Defendant, DANIEL FLORES,
18   SR., Daniel Flores, Jr., and other DOE defendants."

19   The Crosswell complaint's (third) negligence per se, violation of California Business &
20   Professions Code section 25658 cause of action alleges that the Adult Defendants furnished Ms.
21   Crosswell, Daniel Jr. and other minors alcohol to violate California Business & Professions Code
22   sections 25658 and 25658.2.  The third cause of action further alleges that Ms. Crosswell became
23   intoxicated and had non-consensual sexual encounters with Mr. Flores, Daniel Jr. and other unknown
24   DOE defendants.

25   The Crosswell complaint's (fourth) negligent supervision cause of action alleges that the Adult
26   Defendants had observed and were aware of Ms. Crosswell's "intoxicated condition and sexually
27   provocative behavior."  The fourth cause of action further alleges that the Adult Defendants "negligently
28   / / /

3

1  supervised the activities at the Premises,[2] and, based upon the provision of alcohol to minors, including

2  Plaintiff, and the negligent supervision of Plaintiff and others by Adult Defendants, Plaintiff was a

3  victim of unconscious and/or nonconsensual sexual intercourse with minor Daniel Flores, Jr., and

4  Defendant, DANIEL FLORES, SR., while intoxicated.  As a further result of Adult Defendants[']

5  negligent supervision, Plaintiff was subjected to unwanted and/or nonconsensual groping, or other sexual

6  acts by other unknown DOE Defendants."

7      The Crosswell complaint's (fifth) negligent control of a minor cause of action alleges that the

8  Adult Defendants "negligently failed to control minor Daniel Flores, Jr., and other minor DOE

9  Defendants."  The fifth cause of action further alleges:

10          Adult Defendants had the ability to control and knew or should have known of the need
            and opportunity to exercise control over Daniel Flores, Jr., and other minor DOE
11          Defendants as related to their interactions with Plaintiff and other females at the
            Premises.  As a result of the negligent control by Adult Defendants . . . Plaintiff was a
12          victim of nonconsensual sexual activity and intercourse with minor Daniel Flores, Jr.,
            and other unknown minor DOE Defendants, while in an intoxicated state.

13

14                        ***Sexual Assault And Battery And Rape Claims***

15      The Crosswell complaint's (sixth) sexual assault cause of action against Mr. Flores alleges that

16  Mr. Flores "approached Plaintiff while she was lying semi-conscious and in an intoxicated state in the

17  bed of [his] son Daniel Flores, Jr." and "made lewd and vulgar comments to Plaintiff, and stated his

18  intention to have sexual intercourse with Plaintiff."

19      The Crosswell complaint's (seventh) sexual battery cause of action against Mr. Flores alleges

20  that Mr. Flores "acted with intent to cause a harmful and/or offensive contact with the Plaintiff by use

21  of his hands and penis, in that he touched Plaintiff's genitalia with his hands and penis, and a sexually

22  offensive contact with Plaintiff resulted."  The sexual battery cause of action further alleges that Ms.

23  Crosswell was intoxicated and semi-conscious and was awakened by Mr. Flores "using his fingers to

24  penetrate her" and he "proceeded to have sexual intercourse with her against her will."

25      The Crosswell complaint's (eighth) assault committed by forcible rape cause of action alleges

26  that Mr. Flores entered the bedroom where Ms. Crosswell was in bed, semi-conscious from obvious

27

28      [2]      The Crosswell complaint refers to Mr. and Ms. Flores' residence as the "Premises."

intoxication and "made lewd and vulgar comments about Plaintiff and about Defendant, FLORES, SR.'s intent to have sexual intercourse with the minor Plaintiff" to place Ms. Crosswell in great apprehension of great bodily harm and offensive contact.

The Crosswell complaint's (ninth) sexual battery by forcible rape cause of action alleges that after Mr. Flores threatened plaintiff with sexual contact, he used his fingers to penetrate Ms. Crosswell's vagina, turned her on her stomach on the bed, and engaged in nonconsensual sexual intercourse with Ms. Crosswell while she was intoxicated or semi-conscious.

Ms. Crosswell pursues damages for great mental, physical and nervous pain and suffering.

**AMCO's Homeowners Policy**

AMCO issued a homeowners policy ("policy") to Mr. Flores and which was effective at the time giving rise to Ms. Crosswell's claims.  Ms. Flores is an insured under the policy.

The policy provides "COVERAGE E – Personal Liability" as follows:

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which coverage applies, we will:

    1.    Pay up to our limit of liability for the damages for which an "insured" is legally liable. . . .; and

    2.    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . .

The policy defines "Bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results."  For personal liability coverage, the policy defines "Occurrence" as "an accident . . . which results, during the policy period, in . . . '[b]odily injury.'"

The policy excludes from COVERAGE E – Personal Liability:

1.    Expected or Intended Injury

"Bodily injury" or "property damage" which is expected to intended by an "insured" even if the resulting "bodily injury" . . .

    a.    Is of a different kind, quality or degree than initially expected or intended; or

    b.    Is sustained by a different person than . . . initially expected or intended.

. . .

1    7.    Sexual Molestation, Corporal Punishment Or Physical Or Mental Abuse

2          "Bodily injury" . . . arising out of any:

3          a.    sexual activity or conduct,

4          b.    corporal punishment, or

5          c.    physical or mental abuse.

6    This exclusion applies whether or not any acts were intentional or unintentional and
     whether or not the acts were in violation of any criminal or penal code or statute.[3]
7

8          The policy includes a severability of insurance clause which provides: "The insurance applies

9    separately to each 'insured.'   This condition will not increase our limit of liability for any one

10   'occurrence.'"

11                     **Ms. Flores' Insurance Coverage Claims**

12         After AMCO denied Ms. Flores' tender of defense and indemnity of the Crosswell action, Ms.

13   Flores filed this action to allege a (first) breach of contract cause of action that AMCO failed to defend

14   and indemnify Ms. Flores to breach AMCO's policy obligations.  Ms. Flores pursues a (second) breach

15   of the covenant of good faith and fair dealing cause of action that AMCO unreasonably failed and

16   refused to investigate facts, evaluate claims, and defend and indemnify Ms. Flores to compel her to

17   retain counsel.  Ms. Flores also alleges a declaratory relief cause of action to seek adjudication of her

18   rights to defense and indemnity under the policy.

19                              **DISCUSSION**

20                 **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

21         In short, AMCO seeks F.R.Civ.P. 12(b)(6) dismissal on grounds that the policy excludes

22   coverage for Ms. Crosswell's claims against Ms. Flores.  A F.R.Civ.P. 12(b)(6) motion to dismiss is a

23   challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews

24   the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions,

25   its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but

26   whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S.

27   _____

28        [3]     This exclusion No. 7 hereinafter will be referred to as the "sexual molestation exclusion."

232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).  Nonetheless, a court may consider exhibits submitted with the complaint.  *Van Winkle*, 290 F.Supp.2d at 1162, n. 2  "Also, a court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'" *eCash Techs. Inc. v. Guagliardo*, 127 F.Supp.2d 1069, 1074 (C.D. Cal. 2000) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  As such, this Court may consider the policy although Ms. Flores did not attach it to her complaint.

### Policy Interpretation And Duties To Defend And Indemnify

Interpretation of an insurance policy is a question of law when determining whether a particular policy provides coverage and a duty to defend.  *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370 (1995); *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 818, 274 Cal.Rptr. 820 (1990); *see Marquez Knolls Property Owners Assoc., Inc. v. Executive Risk Indemnity, Inc.*, 153 Cal.App.4th 228, 233-234, 62 Cal.Rptr.3d 510, 515-516 (2007) ("The interpretation of an exclusionary clause is an

issue of law subject to this court's independent determination.").  "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected."  *National Ins. Underwriters v. Carter*, 17 Cal.3d 380, 386, 131 Cal.Rptr. 42 (1976) (quoting *Continental Cas. Co. v. Phoenix Constr. Co.*, 46 Cal.2d 423, 432, 296 P.2d 801 (1956)).  However, "the burden of bringing itself within any exculpatory clause contained in a policy is on the insurer."  *Executive Aviation, Inc. v. National Ins. Underwriters*, 16 Cal.App.3d 799, 806, 94 Cal.Rptr. 347 (1971); *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 880, 151 Cal.Rptr. 285 (1978).  "[E]xclusionary clauses are construed narrowly against the insurer."  *Marquez Knolls*, 153 Cal.App.4th at 234, 62 Cal.Rptr.3d at 516.

An insurer has a duty to defend an insured if the insurer becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under an insuring agreement.  *Waller*, 11 Cal.4th at 19, 44 Cal.Rptr.2d 370.  Although an insurer's duty to defend is broader than its duty to indemnify, "where there is no possibility of coverage, there is no duty to defend."  *Fire Ins. Exchange v. Abbott*, 204 Cal.App.3d 1012, 1029, 251 Cal.Rptr. 620 (1988).  Determination "whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy.  Facts extrinsic to the complaint give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy."  *Waller*, 11 Cal.4th at 19, 44 Cal.Rptr.2d 370; *see Montrose Chem. Corp. of Cal. v. Superior Court*, 6 Cal.4th 287, 300, 24 Cal.Rptr.2d 467 (1993) ("The duty to defend is determined by reference to the policy, the complaint, and *all* facts known to the insurer from any source.")

Although broad, the duty to defend is not unlimited and "is measured by the nature and kinds of risks covered by the policy."  *Waller*, 11 Cal.4th at 19, 44 Cal.Rptr.2d 370.  "To prevail, the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*.  In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*."  *Montrose Chemical*, 6 Cal.4th at 300, 24 Cal.Rptr. 467 (italics in original).  An insurer "must defend a suit which potentially seeks damages within the coverage of the policy."  *Gray v. Zurich Insurance Co.,* 65 Cal.2d 263, 275, 54 Cal.Rptr. 104 (1966).

In contrast to the duty to defend, the duty to indemnify "arises when the insured's underlying

liability is established. . . . Although an insurer may have a duty to defend, it ultimately may have no obligation to indemnify, either because no damages were awarded in the underlying action against the insured, or because the actual judgment was for damages not covered under the policy." *Montrose Chemical Corp. of Cal. v. Admiral Ins. Co.*, 10 Cal.4th 645, 659, n. 9, 42 Cal.Rptr.2d 324 (1995).

With these standards in mind, this Court turns to whether the Crosswell action pleads facts to invoke policy coverage.

### Policy Coverage For The Crosswell Action

AMCO contends that the Crosswell action "establishes" that Ms. Flores potential liability arises from sexual activity and conduct of Mr. Flores, Daniel Jr. and other unknown minor Doe defendants. AMCO argues that policy's sexual molestation exclusion precludes coverage for sexual activity of persons other than Ms. Flores, an insured. AMCO further argues that although Ms. Flores' potential liability arises from failure to supervise those who engaged in "sexual activity or conduct," her potential liability derives from alleged bodily injury arising out of sexual activity or conduct.

AMCO relies on *Ristine v. Hartford Ins. Co. of the Midwest*, 195 Or.App. 226, 97 P.3d 1206 (2004), where the Oregon Court of Appeals held that a homeowners policy's similar exclusion precluded a co-insured wife's coverage for her husband's sexual molestation. In *Ristine*, a minor girl visited the home of a husband and wife and was repeatedly molested by the husband. The minor, through her mother, sued the wife for negligent failure to disclose that the husband was a sex offender and to allow the minor alone with the husband.

The husband and wife's homeowners policy insurer denied a defense to the wife. The policy excluded coverage for bodily injury "[a]rising out of sexual molestation, corporal punishment or physical or mental abuse." The policy's severability clause provided: "This insurance applies separately to each insured." The wife assigned her claims against the insurer, and the plaintiff assignees pursued insurance coverage claims against the insurer.

On appeal from summary judgment in the insurer's favor, the plaintiffs argued that since the policy contains a severability clause, the sexual molestation exclusion refers to sexual molestation committed only by each individual insured. The plaintiffs further argued that the sexual molestation exclusion does not apply to the wife because the underlying claims against her did not involve sexual

1   molestation.  The insurer contended that the sexual molestation exclusion applies to sexual molestation,

2   whether committed by the wife or anyone else.

3   Noting the issue was whether the exclusion refers "only to claims that arise out of sexual

4   molestation *by the insured*," the Oregon Court of Appeals concluded that the exclusion "is based on the

5   nature of the act, not the identity of the actor."  *Ristine*, 195 Or. App. at 232, 97 P.3d at 1208 (italics in

6   original).  The court noted that plaintiffs' interpretation to read the exclusion to apply to bodily injury

7   arising out of sexual molestation "*committed by the insured"* requires addition of wording into the

8   exclusion that "was consciously omitted."  *Ristine*, 195 Or. App. at 233, 97 P.3d at 1209 (italics in

9   original).  The court determined that "the severability provision in the policy does not limit that

10  exclusion to sexual molestation committed by the insured [wife]."  *Ristine*, 195 Or. App. at 235, 97 P.3d

11  at 1210.

12  AMCO argues that since its and *Ristine*'s sexual molestation exclusions are similarly broad and

13  severability provisions are identical, this Court should interpret the AMCO exclusion in the same

14  manner as the *Ristine* court interpreted the sexual molestation exclusion before it.

15  Ms. Flores attempts to distinguish *Ristine* from this action in that:

16      1.     In this action, molestation was committed by persons in addition to an insured;

17      2.     The severability clause is not at issue in this action; and

18      3.     The *Ristine* court applied Oregon law.

19  The AMCO policy's sexual molestation exclusion is keenly similar to the *Ristine* exclusion.  The

20  AMCO policy excludes "bodily injury" coverage arising from "sexual activity or conduct," "corporal

21  punishment," or "physical or mental abuse."   There is no meaningful dispute that the Crosswell

22  complaint alleges as to Mr. Flores, Daniel Jr. and unknown Doe defendants sexual activity or conduct

23  subject to the exclusion.  Turning to policy's severability provision, it states: "This insurance applies

24  separately to each 'insured.'" The AMCO policy applies separately to Mr. and Mrs. Flores and contains

25  a global sexual molestation exclusion which is not limited to an insured's conduct.  As such, the

26  exclusion applies to Ms. Flores, despite that she is not an alleged active participant in the sexual activity

27  at issue here.   In other words, neither the AMCO policy's sexual molestation exclusion nor its

28  severability provision limit the sexual molestation exclusion's scope to sexual conduct committed by

10

1   Ms. Flores, an insured.  Ms. Flores' attempts to distinguish *Ristine* are unavailing and unsupported.

2   **Ambiguity Of The Sexual Molestation Exclusion**

3   Ms. Flores argues that the sexual molestation exclusion is ambiguous because it fails expressly
4   to exclude acts "by anyone."  As a reminder, the sexual molestation exclusion excludes "sexual activity
5   or conduct" without reference to whom commits such action.  Ms. Flores points out that other nearby
6   exclusions reference: (1) "communicable disease by an '**insured**,'; (2) "the use, sale, manufacture,
7   delivery, transfer or possession by **any person** of a Controlled Substance"; and (3) "**any insured or
8   others** test for, monitor, clean up . . . the effects of 'pollutants'"".  (Bold added.)  Ms. Flores contends
9   that the sexual molestation exclusion's ambiguity in context with other exclusions requires narrow
10  construction in Ms. Flores' favor.

11  A policy provision is ambiguous when it is capable of two or more reasonable constructions.
12  *Waller*, 11 Cal.4th at 18, 44 Cal.Rptr.2d at 370; *Bay Cities Paving Grading, Inc. v. Lawyers' Mutual Ins.
13  Co.*, 5 Cal.4th 854, 867, 21 Cal.Rptr.2d 691 (1993).  Contract language must be interpreted as a whole,
14  and in the case's circumstances, and cannot be found ambiguous in the abstract.  *Waller*, 11 Cal.4th at
15  18, 44 Cal.Rptr.2d 370; *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264-1265, 10 Cal.Rptr.2d
16  538 (1992).  Courts will not strain to create an ambiguity where none exists.  *Waller*, 11 Cal.4th at 18-
17  19, 44 Cal.Rptr.2d 370; *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 807, 180 Cal.Rptr. 628 (1982).
18  "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense
19  in which the promisor believed, at the time of making it, that the promisee understood it."  Cal. Civil
20  Code, § 1649.  "This rule, as applied to a promise of coverage in an insurance policy, protects not the
21  subjective beliefs of the insurer but, rather, 'the objectively reasonable expectations of the insured.'
22  Only if this rule does not resolve the ambiguity do we then resolve it against the insurer."  *Bank of the
23  West*, 2 Cal.4th at 1265, 10 Cal.Rptr.2d 538.

24  The sexual molestation exclusion is not ambiguous because it lacks reference to whom commits
25  "sexual activity or conduct."  The absence of such reference reflects that the sexual molestation
26  exclusion applies to anyone (insured or not) who engages in such conduct.  This Court agrees with the
27  *Ristine* court that the sexual molestation exclusion is not based on the identity of the actor.  Even
28  construed narrowly against AMCO, the sexual molestation exclusion is not subject to two or more

1    reasonable interpretations.  Ms. Flores asks this Court to strain to find an ambiguity where none exists.

2    In the absence of ambiguity, this Court must respect AMCO's exclusion.

3           In addition, Ms. Flores relies on *St. Paul Fire & Marine Ins. Co. v. Schrum*, 149 F.3d 878 (8th

4    Cir. 1998), which this Court finds unpersuasive.  *Schrum* addressed a similar sexual molestation

5    exclusion but the Eighth Circuit Court of Appeals specifically passed on the issue of the exclusion's

6    ambiguity and steered its focus from "a sexual act committed by a third person."  *Schrum*, 149 F.3d at

7    880.  Moreover, other courts have failed to adopt *Schrum*'s strained application.  *See Allstate Ins. Co.*

8    *v. Bates*, 185 F.Supp.2d 607, 613 (E.D.N.C. 2000) ("Without the molestation there would be no injury

9    and thus, no basis for the negligence claim.  Therefore, this Court explicitly rejects the conclusion

10   reached by the Eighth Circuit in *Schrum*.")  Again, the basis for Ms. Crosswell's negligence claims

11   against Ms. Flores is alleged molestation of Ms. Crosswell to invoke application of the unambiguous

12   sexual molestation exclusion.

13                           **Absence Of Bad Faith And Declaratory Relief Claims**

14          AMCO argues that in the absence of a duty to defend Ms. Flores and in turn a breach of the

15   policy, Ms. Flores' breach of contract, breach of covenant of good faith and fair dealing and declaratory

16   relief causes of action fail.  Ms. Flores does not challenge that the absence of a duty to defend dooms

17   her claims.

18          The primary test of breach of the implied covenant of good faith and fair dealing "is whether the

19   insurer withheld payment of an insured's claim unreasonably and in bad faith."  *Love v. Fire Ins.*

20   *Exchange*, 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246 (1990).  If benefits are withheld for "proper

21   cause," the implied covenant is not breached.  *Love*, 221 Cal.App.3d at 1151, 271 Cal.Rptr. 246; *Cal.*

22   *Shoppers Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 54-55, 221 Cal.Rptr. 171 (1985).  To establish

23   breach of the implied covenant, an insured must demonstrate that: (1) benefits due under the policy were

24   withheld; and (2) the reason to withhold benefits was unreasonable or improper.  *Love*, 221 Cal.App.3d

25   at 1151, 271 Cal.Rptr. 246; *see also Cal. State Auto. Assn. Inter-Ins. Bureau v. Superior Court*, 184

26   Cal.App.3d 1428, 1433, 229 Cal.Rptr. 409 (1986) (no bad faith award available "without first

27   establishing coverage exists").

28          AMCO is correct.  In the absence of its duty to defend, AMCO neither breached the policy nor

1  unreasonably withheld policy benefits.  No further issues remain for declaratory relief.

2  **CONCLUSION AND ORDER**

3  For the reasons discussed above, this Court:

4  1.       DISMISSES this action; and

5  2.       DIRECTS the clerk to enter judgment in favor of defendant AMCO Insurance Company

6  and against plaintiff Amanda Flores and to close this action.

7  IT IS SO ORDERED.

8  **Dated:    November 14, 2007**                    **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

13